# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

Ahern Rentals, Inc.,

     Plaintiff

v.

Samuel Eure and Action Equipment dba
Action Rentals VPC, LLC,

     Defendants

Case No.: 2:20-cv-01680-JAD-BNW

**Order Granting in Part Emergency Motion
for Temporary Restraining Order and
Setting Briefing Schedule on Emergency
Motion for Preliminary Injunction and
Motion to Dismiss or Transfer Venue**

[ECF No. 6]

Ahern Rentals, Inc. contends that it employed Samuel Eure as an outside sales representative at its branch in Kennesaw, Georgia, until he quit in January 2020. It alleges that Eure signed a contract agreeing that, after his employment ended, he would not solicit or accept business from Ahern's customers, work for Ahern's competitors within a 100-mile radius of its Kennesaw branch for a year, or disclose or use any of Ahern's trade secrets that he had acquired. According to Ahern, Eure broke each of these promises when he took a sales job with Action Equipment dba Action Rentals VPC, LLC and in that capacity solicited or accepted work from at least three of Ahern's customers all the while using and disclosing Ahern's trade secrets. Ahern thus sues (1) Eure for breach of contract, breach of the implied covenant of good faith and fair dealing, and conversion; (2) Action Equipment for intentionally interfering with Ahern's contractual relations; and (3) both defendants for misappropriating its trade secrets, intentionally interfering with its prospective economic advantage, and conspiracy.[1]

---

[1] ECF No. 4 at ¶¶ 54–109 (first amended complaint). Ahern also alleges injunctive relief as a "cause of action." *Id.* at ¶¶ 110–14. I construe those allegations as part of Ahern's prayer for relief because an injunction is a remedy not a claim for relief.

Ahern originally filed its complaint against Eure and Action Equipment in state court.  It sought and obtained a temporary restraining order against them and moved for a preliminary injunction.[2]  The state court's restraining order remained in effect until it dissolved under its own terms on September 14, 2020.[3]  Defendants removed the case to this court three days before the state court's restraining order expired.[4]  Ahern now moves on an emergency basis for both an order temporarily restraining Eure and Action from engaging in five categories of conduct[5] and a preliminary injunction to the same effect.[6]  Ahern also moves on an emergency basis for expedited discovery.[7]  Defendants have not yet responded to any of Ahern's emergency motions, but they have moved to dismiss the claims against them for lack of personal jurisdiction or, alternatively, to transfer venue to the Northern District of Georgia.[8]

As discussed below, Ahern has met the standard for obtaining a narrowly tailored restraining order with notice, so I grant in part its motion for that relief and set an expedited briefing and oral argument schedule for its emergency motion for a preliminary injunction.  The personal-jurisdiction and venue issues that defendants raise in their dismissal motion must be resolved before the court can enjoin either of them—if it is inclined to do so.  I therefore set the same expedited briefing and oral argument schedule for defendants' dismissal motion.

---

[2] ECF No. 1-1 at 98 (state court's temporary restraining order).

[3] *Id.*

[4] ECF No. 1 (petition for removal).

[5] ECF No. 6.

[6] ECF No. 7.

[7] ECF No. 8.

[8] ECF No. 9.

**Discussion**

The legal standard for issuing a temporary restraining order and the legal standard for preliminary injunctive relief are "substantially identical."[9]  Both are "extraordinary" remedies and "never awarded as of right."[10]  The Supreme Court clarified in *Winter v. Natural Resources Defense Council, Inc.* that to obtain an injunction, the plaintiff "must establish that [it] is likely to succeed on the merits, that [it] is likely to suffer irreparable injury in the absence of preliminary relief, that the balance of equities tips in [its] favor, and that an injunction is in the public interest."[11]  The Ninth Circuit also recognizes an additional standard: "if a plaintiff can only show that there are 'serious questions going to the merits'—a lesser showing than likelihood of success on the merits—then a preliminary injunction may still issue if the 'balance of hardships tips *sharply* in the plaintiff's favor, and the other two *Winter* factors are satisfied."[12]

Based on the evidence that Ahern provides with its emergency motion for a temporary restraining order, I find good cause to believe that Eure has thrice breached his non-compete agreement with Ahern.  There is also good cause to believe that Eure misappropriated Ahern's sales, marketing, and customer-related trade secrets by using that information for his own benefit in his job with Action Equipment.  And there is good cause to believe that Action Equipment misappropriated the same trade secrets by using them at a time when it knew that Eure had acquired them under circumstances giving rise to a duty to maintain their secrecy.  I also find that Ahern has demonstrated that the equities tip in its favor and the public has a strong interest

---

[9] *See Stuhlbarg Intern. Sales Co. v. John D. Bush and Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001) (stating that the "analysis is substantially identical for the injunction and the TRO").

[10] *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008).

[11] *Id.* at 20.

[12] *Shell Offshore, Inc. v. Greenpeace, Inc.*, 709 F.3d 1281, 1291 (quoting *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011)).

in granting restraining orders in these circumstances.  Although it is a closer call, I find that Ahern has shown that it is likely to suffer further irreparable harm unless Eure and Action Equipment are restrained from engaging in three categories of conduct.

So I conclude that Ahern has met the standard for obtaining a narrowly tailored temporary restraining order against these defendants.  But for several reasons I decline Ahern's requests for a restraining order instructing that the defendants are (1) prohibited from getting rid of evidence, (2) required to preserve evidence, (3) required to turn Ahern's tangible property back over to it, or (4) required to have all of their devices examined by a forensics examiner.[13] The Federal Rules of Civil Procedure already impose the first two obligations on all parties and their counsel.[14]  There is no evidence showing that either defendant has or is inclined to violate these basic procedural rules.  Nor is there any evidence that either defendant has any of Ahern's tangible property in their possession, custody, or control.  Finally, most of these requests are better resolved in the context of a discovery motion.[15]

**Conclusion**

IT IS THEREFORE ORDERED that Ahern's emergency motion for a temporary restraining order **[ECF No. 6] is GRANTED in part**:

1. Samuel Eure, in all capacities and manners, is enjoined and prohibited from being employed, retained, or otherwise providing any consulting, contracting, sales, or other services or assistance to any entity that (a) competes with Ahern Rentals, Inc. and (b) is

---

[13] *See* ECF 6 at 3–4, ¶¶ 4, 7.

[14] *See e.g.* Fed. R. Civ. P. 26, 37.

[15] Ahern has filed an emergency motion for expedited discovery.  ECF No. 8.  I have referred that motion to Magistrate Judge Weksler to resolve, and I note that she has ordered the defendants to respond to that motion by September 24, 2020.  ECF No. 10 (minute order).

located within a 100-mile radius of Ahern's Kennesaw branch.  This prohibition includes but is not limited to any Action Equipment dba Action Rentals VPC, LLC branch that meets both (a) and (b) above;

2.     Samuel Eure and Action Equipment dba Action Rentals VPC, LLC are enjoined and prohibited from using or disclosing any of Ahern Rentals, Inc.'s confidential information or trade secrets including, but not limited to, methods, models, passwords, access to computer files, financial information and records, computer software programs, agreements and/or contracts with customers, names of customers, manufacturers, suppliers and other entities that have a business relationship with Ahern, customer preferences, customer lists, marketing and/or creative ideas, plans and policies, data processing programs and files, advertising campaigns, marketing plans, media plans and budgets, practice, concepts, strategies, employee handbooks, and information about or received from customers and other entities with which Ahern has done business; and

3.     Samuel Eure and Action Equipment dba Action Rentals VPC, LLC are enjoined and prohibited from, in any capacity or manner, soliciting or accepting from any "Customer" of Ahern Rentals, Inc., as that term is defined in § 2.3 of Eure's Non-Competition, Non-Solication and Non-Disclosure Agreement with Ahern,[16] business of the type performed by Ahern or to persuade any Customer to cease to do business or reduce the amount of business any such Customer has customarily done or is reasonably expected to do with Ahern, whether or not the relationship between Ahern and the Customer was originally established in whole or in part through Eure's efforts.

The emergency motion for a temporary restraining order is **DENIED in all other respects**.

---

[16] ECF No. 6-3 at 3.

IT IS FURTHER ORDERED that this temporary restraining order will automatically **EXPIRE at 5:00 p.m. on October 6, 2020**, unless it is extended by the court for cause or converted into a preliminary injunction.

IT IS FURTHER ORDERED that **Ahern must post bond in the amount of $3,000 by September 25, 2020**, to effectuate this order and recompense Eure or Action Equipment if it is later determined that either defendant has been wrongfully restrained.

IT IS FURTHER ORDERED that Ahern's emergency motion for a preliminary injunction [ECF No. 7] and defendants' motion to dismiss the first-amended complaint [ECF No. 9] will be heard at **4:00 p.m. on October 6, 2020**, in Courtroom 6D of the Lloyd D. George Federal Courthouse, 333 Las Vegas Blvd. So., Las Vegas, Nevada 89101.  Defendants have until **September 29, 2020**, to file any response to Ahern's emergency motion for a preliminary injunction.  Ahern has until **September 29, 2020**, to file any response to defendants' motion to dismiss the first-amended complaint.  All parties have until **October 2, 2020**, to file any reply in support of their motions.

_____
U.S District Judge Jennifer A. Dorsey
September 22, 2020

6